FILED
2021 Dec-02  PM 01:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT  A

ELECTRONICALLY FILED
10/22/2021 11:57 AM
60-CV-2021-900056.00
CIRCUIT COURT OF
SUMTER COUNTY, ALABAMA
DEVON A. JAMES, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>60<br><br>Date of Filing:<br>10/22/2021 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF SUMTER COUNTY, ALABAMA
### ROBERT LITTLE ET AL v. PROGRESSIVE SPECIALTY INSURANCE COMPANY

**First Plaintiff:** ☐ Business  ☑ Individual    **First Defendant:** ☑ Business  ☐ Individual
                    ☐ Government  ☐ Other                              ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☑ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
         Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
         Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING        A ☐ APPEAL FROM                O ☐ OTHER
                                           DISTRICT COURT

            R ☐ REMANDED              T ☐ TRANSFERRED FROM
                                           OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a
                                                        jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**          ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
___COO099___                    ___10/22/2021 11:57:38 AM___       ___/s/ THOOMAS  ORVILLE COOLEY___
                                    Date                            Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**        ☐ YES ☑ NO

ELECTRONICALLY FILED
10/22/2021 11:57 AM
60-CV-2021-900056.00
CIRCUIT COURT OF
SUMTER COUNTY, ALABAMA
DEVON A. JAMES, CLERK

## IN THE CIRCUIT COURT OF SUMTER COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| ROBERT LITTLE and | ) | |
| ASHLEY LITTLE | ) | |
|  | ) | |
| **Plaintiffs,** | ) | |
| vs. | ) | |
|  | ) | **CIVIL ACTION NUMBER:** |
| PROGRESSIVE SPECIALTY | ) | |
| INSURANCE COMPANY; and | ) | _____ |
| Fictitious Defendants, Nos. 1 through | ) | |
| No. 10 | ) | |

No. 1, whether singular or plural, Plaintiffs hereby intending to designate the correct legal designation of the entity known only to the Plaintiff as Progressive Specialty Insurance Company;

No. 2, whether singular or plural, that entity or those entities, or individual, other than those named above whose negligence, wantonness or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit;

No. 3, whether singular or plural, that entity or those entities, or individual, other than those named above whose negligence, wantonness or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit;

No. 4, whether singular or plural, that entity or those entities, or individual, other than those named above whose negligence, wantonness or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit;

No. 5, whether singular or plural, that entity or those entities, or individual, other than those named above whose negligence, wantonness or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit;

No. 6, whether singular or plural, that entity or those entities, or individual, other than those named above whose negligence, wantonness or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit;

No. 7, whether singular or plural, that entity or those entities, or individual, other than those named above whose negligence, wantonness or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit;

No. 8, whether singular or plural, that entity or those entities, or individual, other than those named above whose negligence, wantonness or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit;

No. 9, whether singular or plural, that entity or those entities, or individual, other than those named above whose negligence, wantonness or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit; and

No. 10, whether singular or plural, that entity or those entities, or individual, other than those named above whose negligence, wantonness or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit.

**Defendants.**

## COMPLAINT

**COME NOW**, the Plaintiffs, Robert Little and Ashley Little, by and through counsel, and brings this action against the Defendant, Progressive Specialty Insurance Company.   In support, Plaintiffs would show as follows:

### PARTIES

1.  Plaintiff, Robert Little ("Robert"), is an adult resident of Louisiana.

2.  Plaintiff, Ashley Little  ("Ashley"), is an adult resident of Louisiana.

3.  Defendant, Progressive Specialty Insurance Company (hereinafter "Progressive"), is an insurance company licensed to do business in the State of Alabama under Legacy ID no. 216556.  Progressive may be served with process via the Alabama Insurance Commissioner pursuant to Alabama Code Ann. § 27-3-24 (2018).

4.  Defendants, John Does 1-10, are unknown individuals and/or entities liable to Plaintiffs for the injuries and damages alleged herein.  The names and capacities of Defendants John Does 1-10 inclusive, whether individual, corporate, or otherwise, are unknown to Plaintiffs, and therefore, he has named said Defendants by fictitious names.  Plaintiffs will seek leave of court to amend this complaint to substitute the true names when the same are ascertained. Plaintiffs allege that upon information and belief that each of the Defendants designated herein as Does are responsible in some manner and liable to Plaintiffs by reason of negligence, gross negligence, wanton and reckless misconduct, agency, and/or in some other manner whether alleged in this complaint or not; and by such wrongful conduct said Defendants proximately caused the injury and damage subject to this complaint.

## JURISDICTION AND VENUE

5.      Jurisdiction of this action is conferred on this Court by Article VI, Section 142 of the Alabama Constitution and Section 12-11-30 of the Alabama Code.

6.      Venue is proper in the Circuit Court of Sumter County, Alabama pursuant to Ala. Code Ann. § 6-3-7(a)(1), because the incident giving rise to the lawsuit occurred in Sumter County, Alabama.

7.      Therefore, this Court has subject matter jurisdiction of this civil action and personal jurisdiction over the Defendants and venue is proper in the Circuit Court of Sumter County, Alabama.

8.      The Plaintiffs herein demands a jury trial of this civil action pursuant to Rule 38 of the Alabama Rules of Civil Procedure as is their right pursuant to Article I, Section 11 of the Alabama Constitution.

## FACTUAL BACKGROUND

9.      The incident giving rise to this civil action is a collision in Sumter County, Alabama where the at-fault motorist was underinsured with Plaintiffs not having been compensated for the injuries, damages and losses they sustained through their underinsured motorist coverage with Progressive.

10.      On November 9, 2019, Robert and Ashley were involved in a motor vehicle collision on Interstate 59 in Sumter County, Alabama.

11.      Robert was driving a 2015 Toyota Highlander that was insured by Progressive under policy no. 928117153.  Ashley was Robert's passenger, and Robert and Ashley are husband and wife.

12.      Samuel Rodell Scott ("Scott") was driving a 2004 GMC Envoy that was

insured by Geico under policy number 4587233216.

13.     Robert and Ashley were in their legal lane of travel on I-59 South when Scott made an illegal pass from the right shoulder of I-59 at an excessive rate of speed.

14.     During Scott's illegal pass, he struck the 2015 Toyota Highlander, causing it to strike a cable barrier and flip, coming to rest several hundred feet from the point of impact.

15.     After the vehicle came to rest, Robert and Ashley exited their vehicle to make contact with Scott.  However, a witness, Lederian Keith Leday, spoke with Scott first.

16.     Scott explained he was leaving the scene, and he began to run northbound in the southbound lanes of I-59.

17.     Robert and Ashley watched as Scott fled, and as did, Scott was struck and killed by another motorist.

18.      Scott was found to be at fault for the collision where he made contact with Robert and Ashley, and Geico tendered its limits of liability.

19.     Progressive provided Robert and Ashley permission to accept those limits, but Progressive has not tendered the limits of the underinsured motorist policy.

20.     Because of the collision, Robert and Ashley have sustained damages and losses for which the Geico policy could not satisfy.

21.     Robert and Ashley have made claims for underinsured benefits, but Progressive has not made adequate payment to Robert and Ashley.

## CAUSES OF ACTION

## COUNT I – UNINSURED MOTORIST CLAIM

22.     Plaintiffs, by this reference, adopts and re-asserts all allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

23.     Plaintiffs are insured under an uninsured motorist policy written by Progressive, namely policy no. 928117153.

24.     Plaintiffs are entitled to recover of and from Progressive an amount equal to that which they would be entitled to recover from Scott, up to the applicable policy limits, for damages sustained as a proximate cause of the collision described herein.

25.     Scott is at fault for the collision, and his insurer has tendered the available limits of coverage, leaving the Plaintiffs with unsatisfied damages and losses.

26.     Plaintiffs have made a claim for benefits under the underinsured motorist portion of their policy with Progressive.

27.     Progressive has failed to tender the uninsured motorists benefits to Scott.

## COUNT II –BREACH OF CONTRACT

28.     Plaintiffs, by this reference, adopt and re-assert all allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

29.     Although Plaintiffs are owed benefits under the subject policy of insurance, Defendants wrongfully, negligently and grossly negligently refused to pay the complete benefits due to Plaintiffs under the terms of the subject policy of insurance.

30.     Defendants and their agents breached the insurance agreement they have with Robert and Ashley, which resulted in a wrongful denial of insurance benefits to Plaintiffs under the subject policy.

31.     The Defendants' conduct is contrary to the express and implied terms and conditions of the subject policy of insurance and established law.

32.     Defendants and their agents are liable to Plaintiffs for the following bad faith

conduct:

     a.  Negligent, grossly negligent, intentional, malicious and/or reckless failure to adequately and properly investigate Plaintiffs' claims;

     b.  Negligent, grossly negligent, intentional, malicious and/or reckless failure to pay Plaintiffs benefits due at a time when Defendants knew or should have known Plaintiffs were entitled to benefits under the subject insurance policy;

     c.  Negligent, grossly negligent, intentional, malicious and/or reckless failure to provide Plaintiffs any reasonable or justifiable basis for failing to honor Plaintiffs' claims for benefits in relation to the insurance policy, the facts and applicable law;

     d.  Negligently, grossly negligently, intentionally, maliciously and/or recklessly acting in contravention of established Alabama law;

     e.  Negligently, grossly negligently, intentionally, maliciously and/or recklessly and/or intentionally failing to pay Plaintiffs' claims;

     f.  Negligently, grossly negligently, intentionally, maliciously and/or recklessly converting monies rightfully belonging to Plaintiffs to their own use;

     g.  Negligently, grossly negligently, intentionally, maliciously and/or recklessly refusing to honor Plaintiffs' claims without a legitimate or arguable reason;

     h.  Negligently, grossly negligently, intentionally, maliciously and/or recklessly refusing to honor Plaintiffs' claims for reasons contrary to the prior course of dealing between the parties and established Mississippi law;

     i.  Negligently, grossly negligently, and/or willfully and maliciously compelling Plaintiffs to engage legal counsel to initiate litigation to recover their contractual benefits;

     j.  Negligently, grossly negligently, and/or willfully and maliciously delaying payment of Plaintiffs' claims in a fashion calculated to cause Plaintiffs substantial emotional distress and mental anguish;

     k.  Acting in conscious, gross and reckless disregard for the rights of Plaintiffs; and

     l.  Other acts to be shown at the trial of this matter.

33.     Plaintiffs satisfied all obligations under the subject policy of insurance in a

manner consistent with the prior course of dealing with the Defendants and/or their agents.

34.     Progressive's breach of its contract with Plaintiffs and breach of its duty of good faith and fair dealing have been attended by such gross negligence, reckless disregard for the rights of Plaintiffs, and/or malicious, intentional and/or willful misconduct, as to constitute an independent tort, making the Defendants, and each of them, liable to Plaintiffs for punitive damages, in an amount to be determined by a jury, and in an amount sufficient to punish the Defendants for their misconduct, and to deter these Defendants, and others similarly situated, from engaging in such acts in the future.

## COUNT III – BREACH OF DUTY OF GOOD FAITH

35.     Plaintiffs, by this reference, adopts and re-asserts all allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

36.     Defendants, at all times relevant hereto, owed Plaintiffs a duty to exercise good faith and an obligation to deal fairly.  Further, Defendants owed Plaintiffs a fiduciary duty to deal with them and adjust their claim in good faith.

37.     Upon information and belief, all denials of Plaintiffs' reasonable offers to settle within the policy limits of said uninsured motorist policy, and any and all continued denials, made by the Defendants were made without a legitimate or arguable reason.  Further, said denials were totally made and continue to be made with only Defendants' best interests in mind.

38.     Said bad faith and breach of duty of good faith was attended by an intentional wrong, insult, abuse or gross negligence, all with total callous disregard for Plaintiffs' rights, which gives rise to the independent tort of bad faith.

## **DAMAGES**

39.     Plaintiffs, by this reference, adopts and re-asserts all allegations, averments, and

statements of fact contained in the preceding paragraphs of this Complaint.

40.     The Defendants are liable to Plaintiffs for the remaining and unsatisfied damages and losses sustained.

41.     As a proximate consequence, or proximate contributing consequence, of the above described acts of the Defendants, Robert has suffered and sustained injuries, damages, and/or losses, including, but not limited to:

    a.  past, present and future medical expenses;

    b.  past, present, and future pain and suffering, emotional distress, mental anguish, and loss of enjoyment of life;

    c.  past, present and future lost wages and/or earning capacity;

    d.  permanent impairment;

    e.   loss of consortium for injuries and damages caused to his wife, Ashley;

    f.  property damage; and

    g.  other injuries, losses and damages which may be shown at the trial of this cause.

42.     As a proximate consequence, or proximate contributing consequence, of the above described acts of the Defendants, Ashley has suffered and sustained injuries, damages, and/or losses, including, but not limited to:

    a.  past, present and future medical expenses;

    b.  past, present, and future pain and suffering, emotional distress, mental anguish, and loss of enjoyment of life;

    c.  permanent impairment;

    d.  past, present and future lost wages and/or earning capacity;

e.  loss of consortium for injuries and damages caused to her husband, Robert;

f.  property damage; and

g.  other injuries, losses and damages which may be shown at the trial of this cause.

43.     The Defendants are liable to Plaintiffs for their failure and refusal to honor the implied and/or contractual obligations to Plaintiffs; their failure to pay Plaintiffs' claims in a fair and equitable manner and in accordance with the terms and conditions of the subject policy of insurance; their failure to provide a legitimate reason for refusing to honor Plaintiffs' contractual benefits; their failure to explain the refusal to honor Plaintiffs' claims; and for the other torts and causes of action set forth in this Complaint.

44.     As a direct and proximate result of the acts and omissions of the Defendants, as set forth herein above, Plaintiffs have suffered substantial actual, economic and compensatory damages including but not limited to benefits withheld; costs and expenses, including attorneys' fees, incurred as a result of having to proceed with this cause of action to enforce the subject contract of insurance; fair market value of property belonging to Plaintiffs wrongfully converted by the Defendants; and other damages to be shown at the trial of this matter, for all of which Plaintiffs are entitled to be compensated by these Defendants, jointly and severally, in an amount to be determined by a jury at the trial of this matter.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs demand judgment against Defendants, Progressive and John Does 1-10, jointly and severally, for actual, compensatory and punitive damages, in an amount to be determined by a jury in this cause, together with pre-judgment and post-judgment interest as provided by law (but not less than 8% per annum),

attorneys' fees and costs of this action, and any and all additional relief in favor of Plaintiffs deemed appropriate by this Honorable Court.

Respectfully Submitted,

**ROBERT LITTLE**
**ASHLEY LITTLE**

By: /s/ *Thomas O. Cooley*
     THOMAS O. COOLEY, ABN COO099
     Attorney for the Plaintiffs

**LANGSTON & LOTT, PLLC**
100 South Main Street
Post Office Box 382
Booneville, MS 38829-0382
Telephone: 662-728-9733
Facsimile: 662-728-1992
Email: tcooley@langstonlott.com

To be Admitted *Pro Hac Vice*:

By: /s/ *Joseph A. LoCoco*
     Joseph A. LoCoco, MBN 9537; LBN 17305
     Attorney for the Plaintiffs

**LOCOCO & LOCOCO, PLLC**
10243 Central Avenue
Post Office Box 6014
D'Iberville, MS  39540
Telephone: (228) 392-3799
Facsimile: (228) 392-3890
Email: joe.lococo@lococolaw.com

### PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.

/s/ *Thomas O. Cooley*
OF COUNSEL

**Plaintiff's Address:**

c/o Thomas O. Cooley
LANGSTON & LOTT, PLLC
Post Office Box 382
100 South Main Street
Booneville, MS 38829

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

Progressive Specialty Insurance Company
C/O Alabama Department of Insurance
P.O. Box 303351
Montgomery, AL 36130-3351



AlaFile E-Notice

60-CV-2021-900056.00

To:  THOOMAS  ORVILLE COOLEY
     tcooley@langstonlott.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF SUMTER COUNTY, ALABAMA

ROBERT LITTLE ET AL V. PROGRESSIVE SPECIALTY INSURANCE COMPANY
60-CV-2021-900056.00

The following complaint was FILED on 10/22/2021 11:57:42 AM

Notice Date:     10/22/2021 11:57:42 AM

DEVON A. JAMES
CIRCUIT COURT CLERK
SUMTER COUNTY, ALABAMA
126 FRANKLIN STREET
(P.O. BOX 936)
LIVINGSTON, AL, 35470

205-652-2291
devon.james@alacourt.gov



AlaFile E-Notice

60-CV-2021-900056.00

To:  PROGRESSIVE SPECIALTY INSURANCE COMPANY
C/O AL DEPT. OF INSURANCE
P.O. BOX 303351
MONTGOMERY, AL, 36130

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF SUMTER COUNTY, ALABAMA

ROBERT LITTLE ET AL V. PROGRESSIVE SPECIALTY INSURANCE COMPANY
60-CV-2021-900056.00

The following complaint was FILED on 10/22/2021 11:57:42 AM

Notice Date:    10/22/2021 11:57:42 AM

DEVON A. JAMES
CIRCUIT COURT CLERK
SUMTER COUNTY, ALABAMA
126 FRANKLIN STREET
(P.O. BOX 936)
LIVINGSTON, AL, 35470

205-652-2291
devon.james@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>60-CV-2021-900056.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF SUMTER COUNTY, ALABAMA**
**ROBERT LITTLE ET AL V. PROGRESSIVE SPECIALTY INSURANCE COMPANY**

**NOTICE TO:** PROGRESSIVE SPECIALTY INSURANCE COMPANY, C/O AL DEPT. OF INSURANCE P.O. BOX 303351, MONTGOMERY, AL 36130

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), THOOMAS  ORVILLE COOLEY

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: P.O. BOX 382, BOONEVILLE, MS 38829

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ROBERT LITTLE

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 10/22/2021 | /s/ DEVON A. JAMES | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ THOOMAS  ORVILLE COOLEY

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on

*(Date)*

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Server's Printed Name)*          *(Phone Number of Server)*

7020 3160 0001 1868 0887

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees (check box, add fee as appropriate)

☐ Return Receipt (hardcopy)          $

☐ Return Receipt (electronic)        $

☐ Certified Mail Restricted Delivery $

☐ Adult Signature Required           $

☐ Adult Signature Restricted Delivery $

Postage

$

Total Postage and Fees

$

Sent To   Progressive Specialty Ins

Street and Apt. No., or PO Box No.   P.O. Box 303351

City, State, ZIP+4®   Montgomery, AL 36130

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

cv 20.900 56

Postmark
Here

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

PROGRESSIVE SPECIALTY INSUR
C/O AL DEPT. OF INSURANCE
P.O. BOX 303351
MONTGOMERY, AL 36130

9590 9402 5898 0049 4296 40

2. Article Number *(Transfer from service label)*

7020 3160 0001 1668 0887

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _(signature)_  ☐ Agent  ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
Colvin Taylor    11/2/21

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

CMPL

CV21. 900 54   

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



AlaFile E-Notice

60-CV-2021-900056.00

Judge: HON. EDDIE HARDAWAY

To:   COOLEY THOMAS ORVILLE
      tcooley@langstonlott.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF SUMTER COUNTY, ALABAMA

ROBERT LITTLE ET AL V. PROGRESSIVE SPECIALTY INSURANCE COMPANY
60-CV-2021-900056.00

The following matter was served on 11/4/2021

**D001 PROGRESSIVE SPECIALTY INSURANCE COMPANY**
**Corresponding To**
CERTIFIED MAIL

DEVON A. JAMES
CIRCUIT COURT CLERK
SUMTER COUNTY, ALABAMA
126 FRANKLIN STREET
(P.O. BOX 936)
LIVINGSTON, AL, 35470

205-652-2291
devon.james@alacourt.gov

**FILED**

NOV   9 2021

*DeVon A. James*
CIRCUIT CLERK
SUMTER COUNTY, ALABAMA

IN THE CIRCUIT COURT OF SUMTER COUNTY, ALABAMA

| | | |
|---|---|---|
| ROBERT LITTLE and | ) | |
| ASHLEY LITTLE | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 60-CV-2021-900056.00 |
| PROGRESSIVE SPECIALTY | ) | |
| INSURANCE COMPANY; and | ) | |
| Fictitious Defendants, Nos. 1 through 10, | ) | |
| etc. | ) | |
| Defendants. | ) | |

## NOTICE OF FORWARDING SERVICE

Comes now, Jim L. Ridling, State of Alabama Commissioner of Insurance ("the Commissioner") by and through his undersigned counsel, and says as follows:

1.      On or about November 1, 2021, the Commissioner was served with a Civil Summons and Complaint in the above-styled action. Pursuant to *Ala. Code* §27-10-52, such delivery is sufficient service of process upon the named Defendant which transacts insurance business within this state. In compliance with said provision, on November 3, 2021, a copy of that summons was forwarded via certified mail, return receipt requested, by the undersigned Commissioner's representative to the agent for service of process for Progressive Specialty Insurance Company as indicated below:

CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama  36104

2.      The Commissioner, upon receiving the U.S. Postal Service return receipt signed by the Defendant's designated agent, will forward a copy via electronic mail to the Counsel for Plaintiff to file the same in this Court.

1

3.      Pursuant to Ala. Code §27-10-52(c), no plaintiff shall be entitled to a judgement

by default until the expiration of 30 days from the date of completion of service as provided in

said section.

Respectfully submitted this 3rd day of November, 2021.

Dennis M. Wright [ASB:  WRI012]
Associate Counsel
Alabama Department of Insurance
P. O. Box 303351
Montgomery, AL  36130-3351
(334) 240-7577

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 3rd day of November, 2021, filed the forgoing State's
Notice with the Clerk of the Court and further served a copy of same upon Counsel for the
Plaintiff by placing a copy in the U.S. Mail, postage prepaid and addressed as follows:

> Thomas O. Cooley
> Langston & Lott PLLC
> Post Office Box 382
> Booneville, Mississippi 38829-0382

*/s/ Dennis M. Wright*
OF COUNSEL

DOCUMENT 9

Case 7:21-cv-01596-GMB   Document 1-14   Filed 12/02/21   Page 22 of 27   ELECTRONICALLY FILED
11/19/2021 11:56 AM
60-CV-2021-900056.00
CIRCUIT COURT OF
SUMTER COUNTY, ALABAMA
DEVON A. JAMES, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | C<br>60-CV-2021-900056.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF SUMTER COUNTY, ALABAMA
### ROBERT LITTLE ET AL V. PROGRESSIVE SPECIALTY INSURANCE COMPANY

**NOTICE TO:** PROGRESSIVE SPECIALTY INSURANCE COMPANY, C/O AL DEPT. OF INSURANCE P.O. BOX 303351, MONTGOMERY, AL 36130

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
THOOMAS  ORVILLE  COOLEY

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: P.O. BOX 382, BOONEVILLE, MS 38829

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ROBERT LITTLE
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 10/22/2021 | /s/ DEVON A. JAMES | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.  /s/ THOOMAS  ORVILLE  COOLEY
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☒ Return receipt of certified mail received in this office on ___11/12/2021___.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County,
*(Name of Person Served)*  *(Name of County)*

Alabama on _____.
*(Date)*

Certified Mail
*(Type of Process Server)*

Janilla Gable
*(Server's Signature)*

Jeanitta Gable
*(Server's Printed Name)*

*(Address of Server)*
Booneville, Ms

*(Phone Number of Server)*

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Progressive Specialty Insurance Company
C/O Alabama Department of Insurance
P.O. Box 303351
Montgomery, AL 36130



9590 9402 6633 1028 4116 65

2. Article Number *(Transfer from service label)*

7020 0640 0001 9820 2328

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)* RECEIVED BY U.S. MAIL
OR COMMERCIAL COURIER SERVICE

C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

NOV - 1 2021

ALABAMA DEPT OF INSURANCE
LEGAL DIVISION

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
  (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811   July 2020 PSN 7530-02-000-9053

Domestic Return Receipt



9590 9402 6633 1028 4116 65

**United States**
**Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

- Sender: Please print your name, address, and ZIP+4® in this box•

**Langston & Lott, PLLC**
**100 South Main Street**
**P.O. Box 382**
**Booneville, MS 38829**



AlaFile E-Notice

60-CV-2021-900056.00

To:   THOOMAS  ORVILLE COOLEY
tcooley@langstonlott.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF SUMTER COUNTY, ALABAMA

ROBERT LITTLE ET AL V. PROGRESSIVE SPECIALTY INSURANCE COMPANY
60-CV-2021-900056.00

The following RETURN ON SERVICE - SERVED was FILED on 11/19/2021 11:56:33
AM

Notice Date:      11/19/2021 11:56:33 AM

DEVON A. JAMES
CIRCUIT COURT CLERK
SUMTER COUNTY, ALABAMA
126 FRANKLIN STREET
(P.O. BOX 936)
LIVINGSTON, AL, 35470

205-652-2291
devon.james@alacourt.gov



AlaFile E-Notice

60-CV-2021-900056.00

To:   PROGRESSIVE SPECIALTY INSURANCE COMPANY (PRO SE)
C/O AL DEPT. OF INSURANCE
P.O. BOX 303351
MONTGOMERY, AL, 36130-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF SUMTER COUNTY, ALABAMA

ROBERT LITTLE ET AL V. PROGRESSIVE SPECIALTY INSURANCE COMPANY
60-CV-2021-900056.00

The following RETURN ON SERVICE - SERVED was FILED on 11/19/2021 11:56:33
AM

Notice Date:     11/19/2021 11:56:33 AM

DEVON A. JAMES
CIRCUIT COURT CLERK
SUMTER COUNTY, ALABAMA
126 FRANKLIN STREET
(P.O. BOX 936)
LIVINGSTON, AL, 35470

205-652-2291
devon.james@alacourt.gov



AlaFile E-Notice

60-CV-2021-900056.00

To:   THOOMAS  ORVILLE COOLEY
       tcooley@langstonlott.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF SUMTER COUNTY, ALABAMA

ROBERT LITTLE ET AL V. PROGRESSIVE SPECIALTY INSURANCE COMPANY
60-CV-2021-900056.00

The following RETURN ON SERVICE - SERVED was FILED on 11/19/2021 11:56:33
AM

Notice Date:     11/19/2021 11:56:33 AM

DEVON A. JAMES
CIRCUIT COURT CLERK
SUMTER COUNTY, ALABAMA
126 FRANKLIN STREET
(P.O. BOX 936)
LIVINGSTON, AL, 35470

205-652-2291
devon.james@alacourt.gov